**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**In re:**                                                                         **CASE NO.: 19-23367-RAM**
**Ramon Melendez**                                                 **CHAPTER 13**
**Paola Andrea Melendez**

       **DEBTORS**      /
_____

**MOTION TO APPROVE HOMEOWNER'S INSURACE SETTLEMENT AND**
**AUTHORIZE DISBURSEMENT TO DEBTORS**

**COMES NOW**, the Debtors, Ramon Melendez and Paola Andrea Melendez, by and through the undersigned counsel and file this Motion to Approve Homeowner's Insurance Settlement and Authorize Disbursement to Debtors, and as grounds thereof state as follows:

1. Debtors filed for Chapter 13 bankruptcy relief on October 4, 2019.
2. Debtor's homestead property sustained roof damages in 2017 as a result of Hurricane Irma and as a result debtor filed a claim with their homeowner's insurance carrier.
3. The debtor's homeowner's insurance carrier has settled the claims and the debtor will receive net proceeds in the total amount of $30,000 and $7,500 belongs to Rapid Public Adjustments, Inc. (Adjuster). Settlement Agreement and Release of all Claims is attached hereto as Exhibit "A".
4. The settlement funds are eligible for homestead exemption as they are for structural damage repairs to debtor's homestead property.

**WHEREFORE**, the Debtors, Ramon Melendez and Paola Andrea Melendez, respectfully request that this Court grants this Motion to Approve Homeowners' Insurance Settlement and Authorize Disbursement to Debtor and for any such other and further relief as this Court may deem just and equitable under the circumstances.

                                                                  Respectfully submitted,

                                                                  **Law Offices of Patrick L Cordero, Esq**
                                                                  Attorney for Debtor(s).
                                                                  7333 Coral Way
                                                                  Miami, Florida 33155
                                                                 Tel: (305) 445-4855

                                                                 By: __/s/ (FILED ECF)_____
                                                                Patrick L. Cordero, Esq., FBN 801992

# "Exhibit A"

# Robert J. Lee, P.A.

**VIA US MAIL**  
M&T BANK  
1 M&T Plaza, 4th FL.  
Buffalo, NY 14203

October 15, 2021

    *Re:*   <u>*Ramon Melendez v. Heritage Property & Casualty Insurance Company; Case Number: 2019-035694-CA-01*</u>

To whom it may concern;

My office is counsel for the Plaintiff, Ramon Melendez, in the above-referenced case.

Please be advised this matter concerning:

> <u>the property located at</u>: **4524 SW 160th Court, Miami, FL 33185**  
> <u>for loss which was to have occurred on or about</u>: **September 10, 2017**  
> <u>and was assigned claim number</u>: **HP202101**

was resolved in a negotiated settlement. There was no insurance adjusters' report related to same.

Should you have additional question or concern, please do not hesitate to contact me.

                            Very truly yours;

                            Robert J. Lee, Esq.

Offices: Miami & Jacksonville  
Mailing: Concorde Building, 66 West Flagler Street, 12th Floor, Miami, FL 33130  
Web: www.RJLLegal.com | Email: Robert@RJLLegal.com | P: 305-503-5322 | F: 305-390-3077

**HERITAGE Insurance**
Pillars of Strength and Character.

Heritage P&C Insurance Company
2600 McCormick Dr., Suite 300
Clearwater, FL 33759

Bank of Tampa
P.O. Box One
Tampa, FL 33601

CHECK NUMBER
0000217113

CHECK DATE
09/30/21

63-868/631

PAY: **THIRTY SEVEN THOUSAND FIVE HUNDRED DOLLARS & 00/100**

$*****37,500.00

TO THE ORDER OF:

P89
Ramon Melendez and Rapid Public Adjusters, Inc and
M & T Bank
c/o 66 West Flagler Street, 12th Floor
Miami, Fl 33130

000089

Sharon A Sinnun
AUTHORIZED SIGNATURE

⑆0000217113⑆ ⑈063108680⑈ 41041470⑈

Re: **RAMON MELENDEZ v. HERITAGE PROPERTY & CASUALTY INSURANCE COMPANY**
Case No.: 2019-035694-CA-01
Claim No.: HP202101
Policy No.: HPH223464

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS
## (INSURED WITH NO ASSIGNMENT OF BENEFITS)

(1) **Settlement Agreement Date:** The Plaintiff(s), RAMON MELENDEZ, and the Defendant, Heritage Property & Casualty Ins. Co., collectively known as the Parties, by and through counsel of its own free will and choosing, hereby agree to settle any and all disputes and enter into this Settlement Agreement and Release of All Claims (hereinafter "Agreement"). The Settlement Agreement Date is the date the Agreement is fully executed and signed by all Plaintiff(s). This Agreement supersedes any and all prior offers, demands, settlement negotiations, and settlement agreements.

(2) **The Property, Policy, Claims, and Losses at Issue:** This Agreement pertains to property located at 4524 SW 160th Court, Miami, Florida 33185, insured under policy number HPH223464, and for which a claim was submitted and assigned claim number HP202101. The Plaintiff(s) reported that on September 10, 2017, the property suffered damage as a result of Hurricane Irma making landfall in Miami-Dade County. This case pertains to the litigation captioned by Case No. 2019-035694-CA-01, and all claims and causes of action set forth in the pleadings.

The Plaintiff(s) covenant and represent that they have no knowledge of any losses or damage to their property for which a claim can be made under the above referenced policy that they have not reported to the Defendant.

(3) **Parties at Issue:** For purposes of this Agreement the Defendant shall

1

*RM*

include its respective officers, directors, employees, attorneys, agents, predecessor and successor corporations, parent corporations, subsidiaries, shareholders, assigns, insurers, servants, heirs, executors, administrators, and all persons, firms, corporations, associations, or partnerships of all other persons.

For purposes of this Agreement the Plaintiff(s) shall include all named Plaintiff(s), Named Insureds, and all Insureds as defined by the policy of insurance.

(4) **Settlement Amount:** The Defendant, Heritage Property & Casualty Insurance Company, hereby agrees to pay the Plaintiff(s), **RAMON MELENDEZ and RAPID PUBLIC ADJUSTERS, INC. and M&T BANK**, the sum of **$37,500.00** (THIRTY SEVEN THOUSAND FIVE HUNDRED DOLLARS and ZERO CENTS) (hereinafter referred to as "Settlement Funds"), in full and final settlement of all claims made or that could have been made by the Plaintiff(s) in the above referenced case, identified in section two (2) of this Agreement, including any claims, for interest, public adjuster fees, costs, punitive damages, consequential damages, compensatory damages, special damages, extra-contractual damages, or bad faith damages. This shall include all claims in contract, tort, or equity. **This agreement does not include Plaintiffs' attorneys' fees.**

(5) **Payment of Settlement Funds:** Payment of the Settlement Funds shall be made as follows:

> **$37,500.00 payable to RAMON MELENDEZ and RAPID PUBLIC ADJUSTERS, INC. and M&T BANK.**

Payment of the Settlement Funds shall be due at the office of counsel for the Plaintiff(s) no later than **twenty (20)** days after the date that the Agreement is submitted and received by the Defendant.

In the event payment is not mailed by said date, the Defendant agrees to pay interest

2

*RM*

per Florida Statute 55.03 until payment is mailed. All other terms and conditions of the Agreement shall remain in full force and effect.

(6) **Release of All Claims:** The Plaintiff(s) hereby and forever releases the Defendant from any and all claims and actions arising out of and/or relating to Claim Number **HP202101**. This shall include any and all claims for any type of damages or relief that could be asserted, claimed, or, sought under any cause of action or theory of liability. This shall include contractual damages, bad faith, extra-contractual damages, compensatory damages, special damages, costs, and interest. This shall also include any claims for injunctive relief or declaratory relief under Chapter 88 of the Florida Statutes.

This release shall pertain to and fully and forever apply to any and all claims that have or could be made for damages arising out of the claims and losses and litigation described in section two (2) of this Agreement.

The Plaintiff(s) further releases the Defendant from any further claims related to the claims and losses described in section two (2) of this Agreement that has not been reported to the Defendant as of the Settlement Agreement Date.

The Plaintiff(s) covenant and represent that he/she has not assigned any part of the claims described herein to any non-parties. To the extent a non-party claims to have received an assignment the Plaintiff(s) represent that any such assignment is not valid or legally enforceable, and that this Agreement supersedes any and all such claims.

(7) **Legal Binding Authority:** The Plaintiff(s) hereby declares that he/she has full authority to settle all matters described herein. The undersigned hereby declares that he/she has full and complete legal authority to bind herself/himself and all persons that have any interest whatsoever to the claims released herein to all terms herein and is fully

3

*RM*

competent to do so.

To the extent this Agreement does not include the signature(s) of all Named Insureds, Insureds (as defined by the policy of insurance), and/or any other party that holds an interest in the property, policy, and claims described herein, the Parties covenant and agree that such signatures are not required and that any such signatory's interest is hereby extinguished.

(8)    **Hold Harmless and Indemnification:** The Plaintiff(s) covenants and agrees to hold the Defendant harmless of any claims or causes of action by any non-party that may assert a claim for any monetary and non-monetary relief sought for any claims or losses described herein under any legal theory. This includes, but is not limited to, any public adjuster, public adjusting firm, attorney, law firm, or loss consultant asserting a claim for fees or cost. This further includes, but is not limited to, any mortgagee asserting a claim for any payment proceeds. This further includes any potential assignees of any of the claims described herein.

To the extent any non-party described brings a cause of action against the Defendant, the Plaintiff(s) agrees to indemnify the Defendant from any of the settlement proceeds described herein. This shall further include any claims for liens on attorney fees, public adjuster fees, or costs that have or could be brought.

(9)    **Full Knowledge and Consent:** The Parties hereby declare that the terms of this Agreement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise, adjustment and settlement of any and all claims arising out of the incident described herein, disputed or otherwise, on account of any and all damages, and for the express purpose of precluding forever any further or additional claims arising out of the claims and losses described in section two (2) of this Agreement against the Defendant by the Plaintiff(s).

4



The Parties enter this Agreement with and through the advice of legal counsel of their own choosing and has discussed each and every term of this Agreement with counsel, and enters this Agreement willingly, freely, and without any undue duress or undue influence.

(10) **Legal Validity of this Agreement:** The Parties covenant and agree that this Agreement was mutually and jointly drafted by counsel for both Parties and this Agreement shall not be construed in favor of or the detriment of either Party. The Parties covenant and agree that no part of this Agreement is ambiguous or requires further clarification. The Parties covenant and agree that full and proper consideration was given for all terms and conditions herein and that the entire Agreement is legal valid and enforceable.

(11) **Confidentiality:** The Plaintiff(s) hereby covenants and agrees that the Plaintiff(s) will not disclose, directly or indirectly, verbally or in writing, the settlement discussions between the Parties, the terms of this settlement, nor the amounts of payment hereunder, to any person, company, corporation, or entity that not a party to this Agreement.

Further, Plaintiff(s) covenants and agrees to hold all terms of this settlement confidential and will not disclose any terms of this Agreement to anyone who is not a party to this Agreement, including, but not limited to: all persons, members of the news media, professional organizations, and social media networks and/or platforms, entities, and any third party provider hired or contracted by the Plaintiff(s) relating to or arising out of the claims and losses described in section two (2) of this Agreement, except upon the written consent of the Parties, by court order, for tax purposes, or to enforce the terms of this Agreement. As to any inquiries made by a person knowing that a dispute existed between the Parties, the Parties shall respond only to the effect that such a dispute was amicably resolved between the Parties.

(12) **No Acknowledgement of Breach of Contract or Wrongdoing:** The

5

Plaintiff(s) hereby covenants, agrees, and understands that the payment of the aforesaid sum is a business decision by the Defendant solely for the purpose of compromising a disputed claim and to avoid further litigation. Said payment is not to be construed as a confession of judgment nor as an admission of liability and/or coverage upon the part of the Defendant.

This release is a full and complete settlement of all claims even though Defendant denies all liability and/or coverage for the claims and actions of any kind whatsoever relating in any way or arising out of the claims and losses described in section two (2) of this Agreement, which were brought or could have been brought.

The Parties covenant and agrees that this Agreement represents a compromise of the legal position of both Parties and enter into this Agreement freely and willingly as independent decision to avoid the further expense and liability involving this and any future litigation.

(13) **Governing Laws:** This Agreement shall be construed and interpreted in accordance with the laws of the State of Florida. **Miami-Dade County** shall retain full and complete jurisdiction to resolve any and all disputes related to this Agreement.

(14) **Stipulation for Dismissal With Prejudice:** Within ten (10) days of the receipt of the Settlement Funds the Plaintiff(s) shall file a Voluntary Dismissal with Prejudice, which shall provide that this entire Litigation is to be dismissed with prejudice, and that the Court reserves jurisdiction to enforce the terms of this Agreement and to determine attorneys fees and costs. In the event that the Defendant has any Counterclaims or Crossclaims, the Defendant agrees to dismiss said actions within one (1) day of receipt of the Plaintiff(s) dismissal.

**SWORN DECLARATION: The undersigned has fully read this Agreement in its entirety, and covenants and agrees, under penalty of perjury, with advice of legal counsel, freely and willingly, to enter into this Agreement.**

6

IN WITNESS WHEREOF, I have hereunto set my hand and seal this ___13th___ day of ___September___, 2021

RAMON MELENDEZ

_____

STATE OF FLORIDA           )
                                              ss
COUNTY OF __Miami Dade__ )

I HEREBY CERTIFY that the foregoing instrument was acknowledged before me by means of: ☒ physical presence or ☐ online notarization this 13th day, of September, 2021, by **Ramon Melendez**, and who, under oath, executed the foregoing Release freely and voluntarily for the purposes therein expressed.

My Commission Expires:

_____
NOTARY PUBLIC, State of Florida

Print: __Christian A_____

☐ Personally Known   OR   ☒ Produced Identification:  Type of Identification Produced

__FL-DL M453-720-70-467-0__

CHRISTIAN ARROLIGA
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG288037
Expires 1/2/2023

7